UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER KADOCHNIKOV,

                 Plaintiff,

  -against-

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

                Defendant.

Civil ActionNo.

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

ECF Case

Plaintiff, Alexander Kadochnikov, by and through his attorneys, Knox Law Group, P.C., alleges as follows:

### PRELIMINARY STATEMENT

1.     This is an action for damages brought by an individual consumer for Defendants' for the unfair and deceptive practices of defendant in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1962, *et seq.* ("FDCPA"), and the New York Deceptive Acts and Practices law, General Business Law § 349. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION AND VENUE

2.     Jurisdiction is premised on 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.     Venue in this District is proper in that the conduct complained of occurred here.

### GENERAL ALLEGATIONS

4.     The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors and has

determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C.A. § 1692(a) to (e).

5.   In the Second Circuit, the impact of the language used by debt collectors is judged from the perspective of the least sophisticated debtor.

6.   The New York State legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair and deceptive acts or practices.

7.   Plaintiff brings this action to challenge the misconduct of the Defendants with regard to the Defendants' attempt to unlawfully, oppressively, fraudulently, and/or maliciously collect an alleged debt claimed to be owed to Kai Next Level MMA, which caused Plaintiff actual and statutory damages.

## PARTIES

8.   Plaintiff is a natural person who resides in Queens County, State of New York.

9.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

10.   Defendant Portfolio Recovery Associates, LLC. ("Portfolio") is a Delaware Limited Liability Company. The principal purpose of Defendant Portfolio is the collection of debts using the mails and/or telephone and Defendant Member Solutions regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

11.   Portfolio alleges Plaintiff owes a debt ("the debt")

12.   The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

13.   At an exact time known only to Defendant, the alleged debt was assigned or otherwise transferred to Defendant for collection.

14.   In or about March 2017, Defendant contacted Plaintiff by telephone in its efforts to collect the alleged debt.

15.   A telephone call is a "communication" as defined by 15 U.S.C. § 1691a(2)

16.   During the phone call, the Plaintiff did not acknowledge owing the debt, and immediately thereafter dispatched a "cease and desist" letter to the Defendant. (A copy of the letter and a Certified Mailing Receipt is attached here as **Exhibit A**)

17.   Defendant received the "cease and desist" letter on April 4, 2017.

18.   On April 11, 2017, a "cease and desist" letter notwithstanding, approximately at 10:47 a.m., Plaintiff received a phone call from a phone number 425-287-5356. The phone call was from the Defendant's agent who introduced herself as Monique Jones. Ms. Jones introduced herself and proceeded to attempt to collect a debt. Plaintiff asked whether Ms. Jones was aware that a "cease and desist" letter was sent. Ms. Jones ignored the questions and proceeded to attempt to collect a debt again.

19.     Defendant then sent to Plaintiff another letter attempting to collect a debt, a copy of

which is attached here as **Exhibit B.**

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

20.     Plaintiff repeats and realleges and incorporates by reference paragraphs 1-25.

21.     Defendants violated FDCPA. Defendant's violations include, but are not limited to, the

following:

   a.  The Defendants violated 15 U.S.C. § 1692e(2)(A) by negligently and mistakenly

       attempting to collect the debt from Plaintiff, who was not legally obligated to pay

       the debt.

   b.  The Defendants violated 15 U.S.C. 1692g(a) by failing to provide a validation

       notice to Plaintiff.

   c.  The Defendants violated 15 U.S.C. 1692(b) by failing to cease collection of the

       debt until Defendants provided a validation notice or a copy of a judgment to

       Plaintiff.

   d.  The Defendants violated 15 U.S.C. 1692e(1) by using any false, deceptive, or

       misleading representation or means in connection with the debt by

       misrepresenting Plaintiff's right to dispute the alleged debt.

   e.  The Defendants violated 1692f by using unfair and or unconscionable means to

       collect or attempt to collect the alleged debt.

   f.  The Defendant violated 1692f(1) by attempting to collect any amount not

       authorized by the agreement creating the debt or permitted by law.

22.   As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for the declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney fees.

## COUNT II

## VIOLATION OF THE GENERAL BUSINESS LAW

23.   Plaintiff repeats and realleges and incorporates by reference paragraphs 1-30.

24.   General Business Law section 349 prohibits the use of deceptive or unfair practices in connection with the collection of debts.

25.   Defendants engaged in deceptive conduct in the collection of debts.

26.   This deceptive conduct included, without limitation, an attempt to enforce the debt against the Plaintiff without having the actual authority to do so.

27.   This conduct was materially deceptive and Plaintiff has suffered actual injury as a result.

28.   Plaintiff is entitled to damages and attorneys' fees as a result of Defendants' violation of GBL § 349

## COUNT III

## NEGLIGENCE

29.   Plaintiff repeats and realleges and incorporated by reference paragraphs 1-35.

30.   Defendants owed Plaintiff a duty of reasonable care in selecting and instructing its staff to adequately investigate whether Plaintiff in fact owed the debt at issue.

31.   Failure to adequately investigate whether Plaintiff owed the debt led the Plaintiff to incur damages

32.   As a result of this breach of duty, Plaintiff suffered damages, including but not limited to actual and emotional distress.

WHEREFORE, Plaintiff ALEXANDER KADOCHNIKOV respectfully requests a trial by jury and also requests that judgment be entered against Defendant for the following:

A.    Declaratory judgment that Defendants' conduct violated the FDCPA;

B.    Actual damages;

C.    Punitive damages;

D.    Statutory damages pursuant to 15 U.S.C. § 1692k;

E.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692 and General Business Law § 349; and

F.    For such other relief as the Court may deem just and proper.

Dated:  Kew Gardens, New York
        May 11, 2017

                                KNOX LAW GROUP, PC
                                Attorneys for Plaintiff

                        By:     _____
                                Daniel Knox, Esq.
                                104 West 40th Street, 5th Floor
                                New York, NY 10018
                                Phone: (646) 475-8429
                                E-mail: dknox@knoxlaw.nyc